**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**FRANK BRETT,**

           **Plaintiff,**

**-vs-**     Case No.  6:07-cv-1500-Orl-31DAB

**UNITED STATES OF AMERICA,**

           **Defendant.**

_____

**REPORT AND RECOMMENDATION**

**TO THE UNITED STATES DISTRICT COURT**

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:** **MOTION FOR IN FORMA PAUPERIS (Doc. No. 2)**
>
> **FILED:** **September 19, 2007**
> _____
>
> **THEREON** it is **RECOMMENDED** that the motion be **DENIED**.

Plaintiff seeks to proceed in this action *in forma pauperis*. In order to proceed in this fashion, Plaintiff must allege a non-frivolous cause of action within the limited jurisdiction of the federal courts. Although Plaintiff lists the United States of America as the sole defendant, the Complaint purports to seek redress from dozens of loosely identified persons and entities, including telephone companies, Pennsylvania State Police, the Mafia, the Media, the government (FBI, CIA, NSA, DEA, etc.), Georgia troopers, plumbers, strippers, lawyers, assorted bartenders, and friends and family members of same, among many others. To the extent Plaintiff is attempting to sue these others, they

are insufficiently identified and/or there are no allegations sufficient to establish personal jurisdiction over the non-resident persons or entities.

In addition to the lack of an identifiable defendant, the Complaint is prolix and largely unintelligible. At best, the Complaint is a litany of perceived wrongs, including eavesdropping, wiretapping, extramarital affairs, traffic tickets, improper billing, real property issues, leaky toilets, rude strippers, alleged drug dealing, and various other disputes arising from conduct in, among other locales, Pennsylvania, Georgia, Delaware, and Ft. Lauderdale. While the Complaint asserts violation of several alleged rights[1] and federal statutes, Plaintiff fails to plead a recognizable factual or legal basis, as opposed to bare conclusions of liability, for any discernable cause of action. To the extent Plaintiff attempts to seek redress for myriad wrongs, the Complaint is simply impossible to decipher.

It is recommended that Plaintiff's application be denied and that the action be dismissed if Plaintiff fails to file an amended complaint setting forth some claim within the limited jurisdiction of this Court. Any such amendment must meet the requirements of Rule 8 of the Federal Rules of Civil Procedure that the complaint contain "a short and plain statement of the grounds upon which the court's jurisdiction depends" and "a short and plain statement of the claim showing that the pleader is entitled to relief" within 11 days from the date of any Order adopting or affirming this Report and Recommendation. **Accordingly, it is respectfully RECOMMENDED that Plaintiff's case be DISMISSED without further notice if he fails to file an amended complaint in compliance with these guidelines within 11 days from the date of any Order adopting or affirming this Report and Recommendation**.

---

[1] Plaintiff asserts a "due process right to pursue my occupation," for example.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on September 26, 2007.

*David A. Baker*
DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Unrepresented Party
Courtroom Deputy